UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID HOWER, #13630-040,

    Petitioner,

v.                          CASE NO. 2:21-CV-10906
                            HONORABLE VICTORIA A. ROBERTS

JONATHAN HEMINGWAY,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING THE
## PETITION FOR A WRIT OF HABEAS CORPUS

### I. Introduction

Federal prisoner Michael David Hower ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal convictions and sentences.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes

those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the Court concludes that the habeas petition must be dismissed.

## II. Facts and Procedural History

Petitioner pleaded guilty to sexual exploitation of a child under 18 U.S.C. § 2251(a) and (e) and 18 U.S.C. § 2256 and to receipt of child pornography under 18 U.S.C. § 2252A(2)(A) and (b)(1) and 18 U.S.C. § 2256 in the United States District Court for the Western District of Michigan and was sentenced to 420 months in prison on December 1, 2009. *See United States v. Hower*, No. 1:08-CR-00084 (W.D. Mich.). Petitioner filed a direct appeal with the United States Court of Appeals for the Sixth Circuit, which was dismissed because he knowingly and voluntarily waived his appellate rights as part of his plea agreement and because his sentence was not illegal. *United States v. Hower*, 442 F. App'x 213 (6th Cir. 2011).

In 2012, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the Western District of Michigan asserting that: (1) his plea was involuntary due to his anti-psychotic medications, (2) the prosecutor vindictively recommended improper sentencing enhancements, and (3) defense counsel was ineffective because counsel coerced him into taking the plea and disregarded his request to withdraw it. The court determined that those claims lacked merit, denied the motion, and denied a certificate of appealability. *Hower v. United States*, No. 1:12-CV-01348 (W.D. Mich. Aug. 20, 2013). The Sixth Circuit also denied a certificate of appealability. *Hower v. United States*, No. 13-2556 (6th Cir. May 29, 2014). The United States Supreme Court denied a petition for a writ of certiorari. *Hower v. United States*, 574 U.S. 999 (2014), *r'hrg den.*, 574 U.S. 1111 (2015).

Petitioner filed additional motions, including a motion to set aside the judgment and for a new trial, in the Western District of Michigan, which were denied and dismissed, respectively. *United States v. Hower*, No. 1:08-CR-00084, 2015 WL 13547583 (W.D. Mich. May 27, 2015). On appeal, the Sixth Circuit affirmed that order and denied Petitioner authorization to file a second or successive motion to vacate his sentence. *United States v. Hower*, No. 15-1685 (6th Cir. Jan. 12, 2016). The Supreme Court denied a petition for writ of certiorari. *Hower v. United States*, _ U.S. _, 137 S. Ct. 143 (2016).

Petitioner subsequently filed a motion for authorization to file a second or successive motion to vacate his sentence under 28 U.S.C. § 2255 with the Sixth Circuit asserting that the district court erred in failing to hold an evidentiary hearing on his claims and that he is actually innocent. The Sixth Circuit rejected those arguments and denied authorization. *In re: Michael David Hower*, No. 16-2449 (6th Cir. July 25, 2017).

Petitioner then filed an amended motion to vacate his sentence under 28 U.S.C. § 2255 with the Western District of Michigan, asserting that defense counsel was ineffective for failing to move to withdraw the plea and asserting that the claim is not second or successive because the district court denied it without holding an evidentiary hearing, which was transferred to the Sixth Circuit as a second or successive motion to vacate. *Hower v. United States*, No. 1:12-CV-01348 (W.D. Mich. Sept. 1, 2017). The Sixth Circuit denied authorization to file a second or successive motion to vacate. *In re: Michael David Hower*, No. 17-2052 (6th Cir. March 22, 2018).

Petitioner then filed a motion to withdraw his plea in the Western District of Michigan, which was denied as barred and, additionally and alternatively, transferred to the Sixth Circuit as a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. *United States v. Hower/Hower v. United States*, Nos. 1:08-CR-00084, 1:12-CV-01348 (W.D. Mich. Aug. 7, 2018).

The Sixth Circuit again denied authorization to file a second or successive motion to vacate. *In re: Michael David Hower*, No. 19-1152 (6th Cir. June 4, 2019).

Petitioner sought authorization from the Sixth Circuit to file a second or successive motion to vacate his sentence under 28 U.S.C. § 2255 on two more occasions raising claims concerning the voluntariness of his plea, the conduct of the prosecutor, the effectiveness of defense counsel, and the district court's refusal to hold an evidentiary hearing and to properly rule on the merits of his claims. The Sixth Circuit denied authorization in both cases. *In re: Michael David Hower*, No. 20-1304 (6th Cir. Sept. 10, 2020); *In re: Michael David Hower*, No. 20-2075 (6th Cir. April 6, 2021).

Petitioner dated the instant habeas petition on April 8, 2021. He raises the following claims: (1) [He was] coerced to plead guilty to a crime [he] did not commit; and (2) [His] attorneys refused to move for withdrawal of my guilty plea before sentences as allowed by Fed. R. Crim. P. 11(d)(2)(B). ECF No. 1.

### III. Discussion

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. His habeas claims, however, concern the validity of his federal convictions and sentence. A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence was unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. Rather, a petitioner must "make a claim for actual innocence." *Peterman*, 249 F.3d at 462. "One way to establish factual innocence is to show an 'intervening change in the law that establishes [the petitioner's] actual innocence'" *Wooten*, 677 F.3d at 307; *see also Hill v. Masters*, 835 F.3d 591, 594 (6th Cir. 2016).

Petitioner in this case makes no such showing. He fails to establish that his remedy under § 2255 is (or was) inadequate or ineffective. He challenged the voluntariness of his plea, the conduct of the prosecutor, and the effectiveness of defense counsel in his initial motion to vacate sentence and was denied relief by the Western District of Michigan. The Sixth Court denied a certificate of appealability. Petitioner raised those claims, or variations thereof, as well as his claim that the district court erred by failing to hold an evidentiary hearing and denying relief on collateral review in subsequent motions to vacate his sentence and requests for authorization to file a second or successive motion to vacate, but was denied relief and/or authorization to do so. Petitioner thus had the opportunity to raise his current claims in his prior proceedings. "The mere fact that the courts have not found his arguments persuasive is not enough to satisfy his burden of showing that his remedy under § 2255 is inadequate or ineffective." *Brewster v. Perez*, 26 F. App'x 781, 783 (6th

Cir. 2002) (citing *In re Gregory*).

Section 2255 is not inadequate or ineffective simply because the Western District of Michigan and the Sixth Circuit denied relief and Petitioner wants to relitigate claims that were already decided against him. *See, e.g., Adderly v. Zickefoose*, 459 F. App'x 73, 75 (3d Cir. 2012) (finding no basis for applying the savings clause where petitioner simply sought to relitigate a sentencing enhancement issue); *Crosby v. Brook*, 353 F. App'x 591, 593 (2d Cir. 2009) (ruling that § 2255's savings clause was not properly invoked where the petition was an attempt to relitigate issues previously decided by other courts); *Ceballos Torres v. United States*, 83 F. App'x 609 (5th Cir. 2003) (same). Petitioner may not relitigate his claims on habeas review under § 2241 simply because he did not receive the desired result in his § 2255 proceedings.

Similarly, the fact that the Western District of Michigan did not conduct an evidentiary hearing on Petitioner's claims does not render his remedy under § 2255 inadequate or ineffective. *Genoa v. Hemingway*, 14 F. App'x 300, 302 (6th Cir. 2001); *Colton v. Terris*, No. 18-CV-13296, 2019 WL 1077024, *2 (E.D. Mich. March 7, 2019) (Drain, J., citing *Genoa*). To be sure, the district court had discretion in such matters, *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018), and was able to decide the merits of Petitioner's claims based on the existing record, which contradicted his claims, such that no evidentiary hearing was required. *Id.; see also In re Michael David Hower*, No. 20-1304 at *2 (denying authorization to file second or successive motion to vacate).

Lastly, Petitioner does not rely upon an intervening change in the law nor otherwise make a credible showing of actual innocence – and he had ample opportunity to raise such matters in his prior proceedings before the Western District of Michigan (and the Sixth Circuit). *See Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019) (ruling that a federal prisoner "cannot bring an actual innocence claim in a § 2241 petition through the savings clause without showing that he had no prior

reasonable opportunity to bring his argument for relief."). Petitioner is thus not entitled to proceed under 28 U.S.C. § 2241 on his claims. This case must be dismissed.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is challenging the validity of his federal convictions and sentence and that he fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. His claims are improperly brought under 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

s/ Victoria A. Roberts<br>
VICTORIA A. ROBERTS<br>
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2021